UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 12-77(DSD/JSM)

Abdullahi Ali Jama,

           Plaintiff,

v.                                                    **ORDER**

Guidance Residential, LLC,

           Defendant.

     Panky Jai, Esq., 25175 Orchid Street N.W., Isanti, MN
     55040, counsel for plaintiff.

     Karla M. Vehrs, Esq., James M. Lockhart, Esq., Bryan A.
     Welp, Esq. and Lindquist & Vennum, 4200 IDS Center, 80
     South Eighth Street, Minneapolis, MN 55402, counsel for
     defendant.


     This matter is before the court upon the motion to dismiss by defendant Guidance Residential, LLC (Guidance). Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.


                             **BACKGROUND**

     This mortgage-lending dispute arises out of the purchase of a newly constructed home by plaintiff Abdullahi Ali Jama in 2006. In 2006, Jama placed a $23,000 deposit for construction of a new home. Compl. ¶ 2. In October 2006, Jama contacted Guidance to secure financing for construction of the home. Id. ¶¶ 8-9. After Jama completed an initial application, Guidance gave Jama the required Truth in Lending Act (TILA) disclosures. Id. ¶¶ 10-13. In the

application, Guidance inflated his income and failed to include his other property as a liability. Id. ¶ 30. Guidance offered a 30-year, fixed-rate loan of $410,000, with an interest rate of 7.250%.[1] Id. ¶ 14. At closing on December 14, 2006, the actual loan amount was $413,929, and Jama paid an additional, undisclosed fee of $2,069.65 in the form of a loan discount. Id. ¶¶ 16-17. According to Jama, Guidance's misrepresentations caused him "to [q]ualify for the loan at the [i]nterest [r]ate that [Guidance] offered." Id. ¶ 31.

In 2010 or 2011, Jama contacted Guidance seeking a loan modification. Guidance told Jama that he did not qualify for a modification. In September 2011, Jama sent a qualified written request (QWR) to Guidance. Guidance responded on October 5, 2011, and sent Jama his accounting history and a copy of his closing documents. Id. ¶ 27. On October 28, 2011, Guidance sent a copy of the truth-in-lending statement. Id. ¶ 29.

Jama commenced the present action in Minnesota court pro se,[2] claiming violation of the Minnesota Consumer Fraud Act (MCFA), Minn. Stat. 325F.69; violation of TILA and failure to verify

---

[1] At oral argument, Guidance explained that it structures home financing in accordance with Muslim beliefs prohibiting the paying and receiving of certain kinds of interest.

[2] Jama secured counsel while the instant motion was pending. See ECF No. 16.

2

homeowner's ability to pay under Minnesota Statutes 58.13.[3]  Jama also seeks to avoid the mortgage loan due to economic duress. Guidance timely removed and moves to dismiss for failure to state a claim.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels

---

[3] Jama abandoned his TILA and § 58.13 claims in his response brief.  Therefore, dismissal of these counts is warranted.

3

and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

**II.  MCFA**

The MCFA makes enjoinable, "[t]he act, use, or employment ... of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby." Minn. Stat. § 325F.69, subdiv. 1. A person injured by a violation of the MCFA may bring a private action. Minn. Stat. § 8.31 subdivs. 1, 3a. However, § 8.31 "applies only to those claimants who demonstrate that their cause of action benefits the public." Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000). As a result, a "single one-on-one transaction" where the alleged misrepresentation was made only to the plaintiff "is not a claim that could be considered to be within the duties and responsibilities of the attorney general to investigate and enjoin." Id.

To evaluate whether a claim benefits the public interest, the court considers the form of the deceptive practice and the type of relief sought. See Wehner v. Linvatech Corp., No. 06-cv-1709, 2008 WL 495525, at *3 (D. Minn. Feb. 20, 2008). In other words, the court does not consider the number of persons actually affected,

but instead determines whether the misrepresentation was directed at the public at large. See Collins v. Minn. Sch. of Bus., Inc., 655 N.W.2d 320, 330 (Minn. 2003).

Jama argues that Guidance "made false, deceptive, and misleading statements, both direct and implied," in the disclosure statements and application, thereby preventing Jama from making "an [i]nformed decision on whether [h]e can truly afford the [h]ome." Compl. ¶ 35. Jama argues that his claim benefits the public "because the false, deceptive, and misleading statements are such that can be repeated." Id. ¶ 34. However, the alleged misrepresentations were made only to Jama, not the public, and Jama seeks damages and rescission of his mortgage. In short, this is a "single one-on-one transaction," for the benefit of Jama, not the public. See Ly, 615 N.W.2d at 314. Therefore, dismissal of the MCFA claim is warranted.[4]

### III.  Economic Duress

Jama also seeks a declaration that the December 14, 2006, mortgage loan is void as against public policy because he entered into the contract under economic duress. "Minnesota courts only recognize duress as a defense to a contract when there is coercion by means of physical force or unlawful threats, which destroys one's free will and compels compliance with the demands of the

---

[4] Jama's claim also fails because he alleged no facts that allow an inference of injury.

party exerting the coercion." <u>St. Louis Park Inv. Co. v. Johnson Inv. Co.</u>, 411 N.W.2d 288, 291 (Minn. Ct. App. 1987) (citation omitted). Nothing in the record supports an inference that Guidance exerted physical force or made unlawful threats in an attempt to coerce Jama to purchase a new home with a loan from Guidance. Therefore, dismissal is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 3] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 16, 2012

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court